ACCEPTED
03-14-00097-CV
5180550
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/6/2015 3:53:50 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00097-CV

# In the
# Court of Appeals for the
# Third Judicial District at Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/6/2015 3:53:50 PM
JEFFREY D. KYLE
Clerk

PAUL L. FOSTER, WILLIAM EUGENE POWELL, R. STEVEN HICKS,
NASH M. HORNE, ROBERT L. STILLWELL, ALEX M. CRANBERG, WALLACE L. HALL,
JR., BRENDA PEJOVICH, ERNEST ALISEDA, AND JEFFREY D. HILDEBRAND,
IN THEIR OFFICIAL CAPACITIES AS REGENTS OF THE UNIVERSITY; AND CRAIG
WESTEMEIER, IN HIS OFFICIAL CAPACITY AS ASSOCIATE ATHLETICS DIRECTOR
*Appellants*,

v.

AMERICAN SOCIETY OF LANDSCAPE ARCHITECTS, INC., AND
THE AMERICAN SOCIETY OF LANDSCAPE ARCHITECTS' LIBRARY AND EDUCATION
ADVOCACY FUND, INC., INDIVIDUALLY AND ON BEHALF OF
SUSTAINABLE SITES INITIATIVE, AN UNINCORPORATED NONPROFIT ASSOCIATION,
*Appellees*.

On Appeal from the
98th Judicial District Court of Travis County, Texas

**SUGGESTION OF MOOTNESS**

TO THE HONORABLE THIRD COURT OF APPEALS:

This dispute centers on the University's actions with regard to its ownership

of intellectual property related to the "Sustainable Sites Initiative." *See* Appellant's

Br. at 2-7. Following a dispute as to the proper procedural framework for obtaining

federal trademark protection for the program, the University filed its own trademark application. *See* Appellant's Br. at 9.

The University is now transferring its interest in the program to a third party, Green Business Certification, Inc., which will perform oversight and certification programs. Pursuant to that agreement, the University has officially assigned its ownership interest in any trademark related to the Sustainable Sites Initiative to Green Business Industries. The affidavit of Lee Smith explaining this new third-party agreement, to which is attached a copy of the executed assignment, is attached to this filing. *See* TEX. GOV'T CODE § 22.220(C) (providing for consideration of affidavit evidence related to jurisdiction).

A case becomes moot on appeal when "the parties lack a legally cognizable interest case in the outcome." *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012). The relief requested in the live petition is all related to allegations regarding the University's ownership of the intellectual property. CR.27 (seeking declaratory judgment that University is not the "one true owner" of the trademarks, relief precluding University from applying for trademark protection). Because the University has affirmatively disclaimed any ownership interest in the trademarks by assigning its ownership interests to a third party, ASLA no longer has any legally cognizable interest in a lawsuit that seeks to establish that the University either does

not own the trademarks or is not the exclusive owner thereof. ASLA's claims are now moot.

The appropriate remedy when a case becomes moot on appeal is to vacate any underlying orders and dismiss the cause. TEX. R. APP. P. 43.2(e); *e.g.*, *Speer v. Presbyterian Children's Home and Serv. Agency*, 847 S.W.2d 227, 229 (Tex. 1993) (requiring vacatur and dismissal of underlying orders when case becomes moot); *Tex. State Bd. of Veterinary Med. Exam'rs v. Giggleman*, 408 S.W.3d 696, 704 (Tex. App.—Austin 2013, no pet.) (applying *Speer*); *see also Freeman v. Burrows*, 171 S.W.2d 863, 863 (Tex. 1943) ("When a cause becomes moot on appeal, all previous orders and judgments should be set aside and the cause, not merely the appeal, dismissed.").

This case is, substantively, about the University's ownership of the intellectual property. The University has now disclaimed any ownership of the intellectual property by assigning it to a third party. Accordingly, the case has become moot on appeal and the Court should vacate any underlying orders and dismiss the cause.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

SCOTT A. KELLER
Solicitor General

/s/ Kristofer S. Monson
KRISTOFER S. MONSON
Assistant Solicitor General
State Bar No. 24037129

OFFICE OF THE TEXAS ATTORNEY GENERAL
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697
*kristofer.monson@texasattorneygeneral.gov*

*Counsel for Appellants*

## CERTIFICATE OF SERVICE

On May 6, 2015, this document was served via File&ServeXpress on:

Kurt Kuhn
Kuhn Hobbs PLLC
3307 Northland Drive, Suite 210
Austin, Texas 78731-4946
*kurt@kuhnhobbs.com*

/s/ Kristofer S. Monson
KRISTOFER S. MONSON

# AFFIDAVIT OF LEE S. SMITH

**STATE OF TEXAS** §
§
**COUNTY OF TRAVIS** §

Before me, the undersigned authority, personally appeared before me Lee S. Smith, who after being duly sworn, stated as follows:

My name is Lee S. Smith. I am over the age of 18, am fully competent to make this affidavit, and have personal knowledge of the facts stated herein, which are all true and correct.

I have been employed in an executive level Administrative and Professional (A&P) position on the main campus of The University of Texas at Austin continuously since January 9, 1991. I am an attorney licensed to practice law in the State of Texas since June 25, 1980 and my current job title is Associate Vice President for Legal Affairs. In the ordinary course and scope of my employment, I provide legal advice to University of Texas administrators and employees on a variety of matters including, but not limited to contract disputes, intellectual property disputes, and civil litigation.

On October 13, 2014, Plaintiff's below, American Society of Landscape Architects (ASLA) filed a lawsuit against the University of Texas Board of Regents Texas in the Travis County District Court seeking a declaratory judgment that The University of Texas at Austin was not the lawful owner of certain trademarks, identified as "Sustainable Sites Initiative" and "SITES" (hereafter collectively "SITES Trademarks").

The SITES Trademarks, which is the subject matter of the litigation below, were adopted in conjunction with an informal collaborative initiative to develop a set of standards and criteria dedicated to the transformation of land design, development, and management practices for sustainable landscapes, similar to the Leadership in Energy and Environment Design (LEED) green building rating system, except for outdoors (SITES program). The primary participants in SITES program were The University of Texas, an agency of the State of Texas, the United States Botanical Garden (USBG) an agency of the United States Federal Government State Agency, and ASLA, a not for profit corporation. The LEED program is administered by the Green Business Certification Inc. (GBCI). As of May 1, 2015, the University of

Texas sold, assigned, and transferred the ownership of the SITES Trademarks to GBCI to operate and administer the SITES certification and credentialing program as originally envisioned by the SITES program participants. Attached to this affidavit is a true and correct copy of the fully executed and duly accepted "Assignment of Intellectual Property Rights" that assigns, grants, transfers and conveys the University of Texas entire rights, title and interests in and to the SITES trademarks to GBCI.

Further affiant sayeth not.

_____
Lee Smith

Subscribed and sworn before me this 6th day of May, 2015.

_____
NOTARY PUBLIC
in and for the State of Texas

LEEA C. MECHLING
NOTARY PUBLIC
State of Texas
Comm. Exp. 08-28-2015
NOTARY WITHOUT BOND

## ASSIGNMENT OF INTELLECTUAL PROPERTY ASSETS

THIS ASSIGNMENT OF INTELLECTUAL PROPERTY ASSETS ("Assignment") is entered into as of April 30, 2015, by the University of Texas Board of Regents, for the benefit of The University of Texas at Austin, an institution of higher education and agency of the State of Texas ("Assignor"), in favor of Green Business Certification Inc., a District of Columbia non-profit corporation ("Assignee").

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1. **Assignment.** The Assignor hereby assigns, sells, grants, transfers and conveys to the Assignee and its successors, assigns and designees, the following:

    a. The Assignor's entire rights, title, and interests throughout the world in and to the trademarks set forth in Attachment A (the "Trademarks"), together with all goodwill associated therewith and all claims, either in law or in equity, and damages for past, present or future infringements of the Trademarks, with the right to sue for, and collect the same for, the Assignee's own use and benefit and for the use and benefit of the Assignee's successors, assigns and designees;

    b. Any and all rights of the Assignor, express or implied, legal or equitable, in and to all trademarks based upon, derived from, or incorporating the Trademarks and all licenses or use agreements that are assignable by the Assignor relating to the Trademarks, including, without limitation, all income, royalties, damages, claims and payments now or hereafter due or payable with respect thereto;

    c. The Assignor's entire rights, title, and interests throughout the world in and to the copyrights set forth in Attachment B (the "Copyrights"), together with all claims, either in law or in equity, and damages for past, present or future infringements of the Copyrights, with the right to sue for, and collect the same for, the Assignee's own use and benefit and for the use and benefit of the Assignee's successors, assigns and designees; and

    d. Any and all rights of the Assignor's, express or implied, legal or equitable, in and to all works based upon, derived from, or incorporating the Copyrights and all licenses or use agreements that are assignable by the Assignor relating to the Copyrights, including, without limitation, all income, royalties, damages, claims and payments now or hereafter due or payable with respect thereto.

2. **Further Assurances.** The Assignor agrees to execute all papers and perform such other acts as the Assignee may deem reasonably necessary to secure for the Assignee and/or its successors, assigns or designees, the rights herein assigned.

3. **Facsimile or Electronic Mail Execution.** This Assignment, to the extent signed and delivered by means of a facsimile machine or electronic mail, shall be treated in all manners and respects and for all purposes as an original agreement or instrument and shall be considered to have the same binding legal effect as if it were the original signed version thereof delivered in person. At the request of any party hereto, each other party hereto shall re-execute original forms thereof and deliver them to all other parties. No party hereto shall raise the use of a facsimile machine or electronic mail to deliver a signature or the fact that any signature or agreement or instrument was transmitted or communicated through the use of a facsimile machine or electronic mail as a defense to the formation or enforceability of a contract and each such party forever waives any such defense

IN WITNESS WHEREOF, the Assignor and the Assignee have caused this instrument to be executed as of the date set forth above.

ASSIGNOR: THE UNIVERSITY OF TEXAS BOARD OF REGENTS

By: _____
Daniel H. Sharphorn
Vice Chancellor and General Counsel
University of Texas System
The University of Texas at Austin

ASSIGNEE: GREEN BUSINESS CERTIFICATION INC.

By: _____
Mahesh Ramanujam, President
Green Business Certification Inc.